On appeal from his conviction of two counts of possession of child pornography, see G. L. c. 272, § 29C, the defendant claims error in (1) the denial of his motion to suppress evidence seized pursuant to a search warrant, (2) the denial of his request for additional peremptory challenges during jury empanelment, and (3) the admission of certain testimony. The defendant also contends that the two counts are duplicative, as both constitute the same "unit of prosecution."[2] See Commonwealth v. Rollins, 470 Mass. 66, 71-74 (2014). We agree that the two counts are duplicative, but reject the defendant's other claims of error; accordingly, on count three of the complaint the judgment is vacated, the verdict is set aside, and that count is to be dismissed. On count two of the complaint the judgment is affirmed.
1. Search warrant -- staleness. Contrary to the defendant's contention, the information set forth in the affidavit supporting issuance of the search warrant was not stale. In addition to the factors suggesting that evidence of the type sought by the warrant has been recognized routinely as relatively durable, see Commonwealth v. Anthony, 451 Mass. 59, 71-72 & n.13 (2008), the affidavit included specific averments by Sergeant Cooke explaining how evidence of computer files can be recovered even long after the files have been deleted.
2. Peremptory challenges. There is likewise no merit to the defendant's contention that the denial by the trial judge of his request for additional peremptory challenges operated to deny his Sixth Amendment to the United States Constitution right to a trial by a jury of his peers and his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. As the defendant acknowledges, the principles of Commonwealth v. Soares, 377 Mass. 461, 488 (1979), are not implicated by the circumstances of the present case.[3] Accordingly, the defendant's claim devolves to the contention that the trial judge abused his discretion in refusing his request for additional peremptories. That claim devolves in turn to the contention that men might somehow evaluate his guilt of the crime of possession of child pornography differently from women, or somehow be less shocked or offended. We discern no abuse of discretion or error of law by the trial judge in declining to adopt such a suggestion.
3. Expert testimony. The trial judge allowed both Sergeant Peter Cooke, the lead investigator, and Sergeant Michael Hill, the executive officer of operations of the Internet Crimes Against Children's Task Force, to testify at trial. Sergeant Hill furnished general testimony explaining the nature and operation of peer-to-peer file sharing networks, and the programs facilitating them, while Sergeant Cooke explained how he connected with the defendant's computer and located specific pornographic files on it. The testimony of the two witnesses overlapped to some extent, and the defendant contends (without citation to authority) that the duplication of expert testimony constituted unnecessary, and unfair, "piling on." We discern no abuse of discretion in the trial judge's decision to allow the Commonwealth to present testimony from both experts.
We likewise discern no error in the admission of testimony by Sergeant Cooke explaining his opinion that the defendant had used and controlled the computer on which the pornographic files were stored.[4] Though the challenged testimony may have touched on an ultimate issue in the case (that of possession and control of the computer on which the offending files were stored), it did not express an opinion concerning the defendant's guilt. See Commonwealth v. Goddard, 476 Mass. 443, 446-447 (2017). Specifically it did not address, among other things, the pornographic character of the files, whether the files depicted children, whether the defendant viewed the files, or whether the defendant acquired the files intentionally or by mistake.
Finally, we reject the defendant's contention that it was error to admit in evidence reports listing multiple files of adult pornography or bestiality found on the defendant's computer.[5] We are without basis in the record to evaluate the defendant's claim of prejudice, since the record on appeal does not include the reports and we consequently have no means of knowing what they contained. But even if we assume, favorably to the defendant, that the reports listed numerous files of legal, albeit pornographic, material, we consider it unlikely that such files would have caused material prejudice to the defendant. See Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). The evidence that the defendant possessed the files containing child pornography found on his computer was overwhelming. Moreover, the trial judge instructed the jury as the evidence was admitted, and again in his final charge, that they were not to be swayed by the potentially offensive nature of file names of files other than those forming the basis for the charged offenses.
4. Duplicative convictions. We agree with the defendant that the conduct charged in the two counts of possession of child pornography constitutes but one "unit of prosecution" under the case law as it has developed, since the files were all stored on the same computer hard drive. See Rollins, 470 Mass. at 74.[6]
Conclusion. The judgment on count three of the complaint is vacated, the verdict is set aside, and that count is to be dismissed. The judgment on count two of the complaint is affirmed.[7]
So ordered.
vacated in part; affirmed in part.

The charges of possession of child pornography were counts two and three of the complaint; count one, alleging distribution of child pornography, was dismissed before trial.

Specifically, there is no indication in the record that the all-female composition of the jury resulted from the systematic use of peremptory challenges to exclude men from the jury. We note that men are not recognized as a protected class for purposes of considering possible discrimination in jury selection (or otherwise).

In his testimony, Sergeant Cooke explained how he had conducted a forensic examination of the defendant's computer using a software program called "Encase."

According to the defendant, the evidence was of limited relevance to the charged offense but highly prejudicial to the defendant.

We note that the trial in the present case preceded the guidance contained in Rollins, supra, by approximately two years.

"Because the defendant's sentence [on count three] did not increase the amount of time that he would spend incarcerated, ... we need not remand this matter for resentencing." Commonwealth v. Johnson, 461 Mass. 44, 54 n.12 (2011).